IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANA DRAKE, ) | |
| ) | |
| Plaintiff ) | Cause No.: 1:16-cv-01097 |
| ) | |
| vs. ) | |
| ) | |
| ROBERT A. McDONALD, SECRETARY ) | |
| OF VETERANS AFFAIRS, ) | |
| ) | |
| Defendant ) | |

COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Plaintiff, by counsel, and as her Complaint for Damages against Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Dana Drake, is a resident of Marion County in the State of Indiana and an employee of Defendant.

2. Defendant, Robert A. McDonald, is Secretary of Veterans Affairs for the Department of Veterans Affairs, an employer as defined by 42 U.S.C. § 2000e(b), which conducts business in the State of Indiana.

3. Ms. Drake filed a Charge of Discrimination (Charge 470-2015-00105X) with the Equal Employment Opportunity Commission on or about September 4, 2014 alleging, *inter alia*, that Defendant had violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. and The Rehabilitation Act of 1973, as amended 29 U.S.C. § 701.

4. The Department of Veterans Affairs, pursuant to Equal Employment Opportunity Commission regulations, issued to Ms. Drake a 90-day Right to Sue letter on February 23, 2016.

5. Ms. Drake invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

7. Plaintiff, an African-American female with a disability, is employed as a Nurse II, RN case manager for Defendant.

8. Plaintiff was in a work-related accident on or about April 2013 which resulted in a concussion with low back pain, bilateral shoulder pain and neck pain.

9. On or about October 21, 2013, Plaintiff returned to work in a light duty assignment structured by Defendant's workers' compensation specialist.

10. On or about January, 2014, Plaintiff requested reasonable accommodations to her work assignment, which included the use of a computer, an isolated work environment, limited distractions, and an ergonomic assessment. These accommodations were recommended by Plaintiff's physician.

11. After Plaintiff requested reasonable accommodations, she was subjected to harassment and a hostile work environment, including, but not limited to:

a) being followed off the property and having pictures taken of her;

b) removing her chair and computer accessories that were provided as reasonable accommodations;

c) telling Plaintiff that there is nothing wrong with her; and

d) failing to investigate an incident wherein someone keyed the word "Nigg" into her vehicle.

Count I

12. Plaintiff incorporates by reference Paragraphs one (1) through eleven (11) above.

13. Defendant subjected Plaintiff to a hostile work environment based on her race and discriminated against Ms. Drake on the basis of her race and/or color when it refused to investigate harassment following a report that someone had scratched the word "Nigg" on Plaintiff's vehicle.

14. Similarly situated white employees were treated more favorably.

15. Ms. Drake's race and/or color was the motivating factor in Defendant's refusal to address her hostile work environment.

16. These actions violated Ms. Drake's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

17. As a result of the foregoing, Ms. Drake has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

18. As a result of Defendant's actions, Ms. Drake has incurred attorney fees and costs.

19. Defendant's actions were done with malice or willful reckless disregard to Ms. Drake's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred herein, and for all other appropriate relief.

Count II

20. Plaintiff Incorporates by reference Paragraphs one (1) through nineteen (19) above.

21. Defendant discriminated against Ms. Drake on the basis of his disability, perceived disability, and/or record of disability when it refused to provide her with the reasonable accommodations she requested to do her job.

22. Defendant was aware of Ms. Drake's disability and request for reasonable accommodation, but failed to provide it in a timely manner.

23. The Defendant's decision to deny Plaintiff's request for a reasonable accommodation was motivated by her disability, perceived disability and/or record of disability.

24. Defendant's actions are in violation of the Rehabilitation Act of 1973, as amended 29 U.S.C. § 701 and/or the American's with Disabilities Act, 42 U.S.C. §12102 *et. sec*.

25. As a result of the foregoing, Ms. Drake's recovery was adversely affected and she sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

26. As a result of Defendant's actions, Ms. Drake has incurred attorney fees and costs. Drake's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred herein, and for all other appropriate relief.

## Count III

27. Plaintiff Incorporates by reference Paragraphs one (1) through twenty-six (26) above.

28. Defendant discriminated against Ms. Drake on the basis of her disability, perceived disability, and/or record of disability when it subjected her to a hostile work environment.

29. Defendant was aware of Ms. Drake's hostile work environment and the affect it was having on her recovery and failed to take reasonable action to correct it.

30. Defendant's actions are in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 791.

31. As a result of the foregoing, Ms. Drake's recovery from her injuries has been hindered and she has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

32. As a result of Defendant's actions, Ms. Drake has incurred attorney fees and costs.

33. Defendant's actions were done with malice or willful reckless disregard to Ms. Drake's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred herein, and for all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS

/s/ Paul J. Cummings
David M. Henn, 18002-49
Paul J. Cummings, 22714-41

REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS

/s/ Paul J. Cummings
David M. Henn, 18002-49
Paul J. Cummings, 22713-41


HENN HAWORTH CUMMINGS
625 North Madison Avenue, Suite A
Greenwood, IN  46143
(317) 885-0041;
(888) 308-6503 Fax